UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Jackson County Bank, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:10-cv-0284-SEB-DML |
| vs. | ) | |
| | ) | |
| F & VA, LLC; F & VA II, LLC; Jen-Fre Restaurants Corporation aka Jen-Fre Restaurant Corporation; Jen-Fre Restaurants II Corporation aka Jen-Fre II Restaurant Corporation; Fred L. Allman; Virginia L. Allman; United States Small Business Administration; and Treasurer of Jackson County, Indiana, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT**

This is a foreclosure action, regarding which claims Plaintiff has filed a Motion for Summary Judgment, on August 9, 2010, pursuant to Rule 56 of the Federal Rules of Civil Procedure. [Docket No. 36]. Plaintiff, Jackson County Bank ("Bank"), brought this action against Defendants, F & VA, LLC ("F & VA"), F & VA II, LLC ("F & VA II"), Jen-Fre Restaurants Corporation ("Jen-Fre"), Jen-Fre Restaurants II Corporation ("Jen-Fre II"), Fred L. Allman, Virginia L. Allman, United States Small Business Administration ("SBA"), and the Treasurer of Jackson County, Indiana, pursuant to the terms of security agreements, guaranties, and a subordination agreement. Plaintiff Bank

now seeks summary judgment against all Defendants with the exception of the SBA and the Treasurer of Jackson County.[1]  Our jurisdiction arises under 28 U.S.C. § 2410, because SBA, an administrative agency of the United States, has liens on both parcels of real property at issue in this matter.  For the reasons detailed in this entry, we GRANT Plaintiff's Motion for Summary Judgment.

## Factual Background

Plaintiff, Jackson County Bank, loaned money to Defendants F & VA and F & VA II.  The first Promissory Note ("Note 1") was executed by Bank and F & VA on March 1, 2007 for the sum of $970,000.00.  Note 1 stated interest on this debt was 7.7% per year, to be calculated on an "actual/360 basis."  The second Promissory Note ("Note 2") was executed by Bank, F & VA, and F & VA II on July 1, 2009 for the sum of $33,335.00.  The Note established a fixed interest rate of 5.53% per annum, to be calculated on a 365/360 basis.  Both Notes provided for 59 monthly payments followed by a balloon payment.

Note 1 and Note 2 were secured by a mortgage ("Bartholomew County Mortgage")[2] on real property located in Bartholomew County, Indiana, described as

---

[1] Plaintiff's original motion also requested summary judgment against SBA.  However, in its Reply brief, Plaintiff appears to seek summary judgment only against Defendants, F & VA, LLC ("F & VA"), F & VA II, LLC ("F & VA II"), Jen-Fre Restaurants Corporation ("Jen-Fre"), Jen-Fre Restaurants II Corporation ("Jen-Fre II"), Fred L. Allman, Virginia L. Allman.  Thus, the only claims we pass judgment upon for purposes of this entry are Plaintiff's claims against these defendants.

[2] The Bartholomew County Mortgage specifically refers to Note 1 for $970,000, but also
(continued...)

follows: "Lot numbered Two-B (2B) in Market Place Industrial Park Phase 2, replat of Lot 2 as recorded in plat book 'Q', page 144A, in the Office of the Recorder of Bartholomew County, Indiana." ("Bartholomew County Real Property"). The Bartholomew County Mortgage was recorded on March 16, 2007 in the Office of the Recorder of Bartholomew County, Indiana ("Bartholomew County Recorder's Office"). Note 1 and Note 2 were also secured by an Assignment of Rents and Leases from the Bartholomew County Real Property.[3] This assignment was recorded on March 16, 2007 in the Bartholomew County Recorder's Office.

F & VA and Bank executed a Commercial Security Agreement securing "[a]ll present and future debts" by granting Bank a security interest in accounts and other rights to payment, inventory, equipment, and general intangibles. On March 1, 2007, Bank obtained guaranties from Fred and Virginia Allman, Jen-Fre, F& VA II, and Jen-Fre II in order to further secure Note 1 and Note 2. Compl. Exs. F, G, H, I. On December 31, 2008, Bank also obtained Commercial Loan Guaranties from Fred Allman, Virginia Allman, Jen-Fre, and Jen-Fre II. Compl. Exs. J, K, L, M.

F & VA failed to make the required monthly payments due under Note 1 and Note 2. As a result, Bank exercised its right under Note 1 and Note 2 to make demand of the

---

[2](...continued)
states it "secure[s] payment of the principal of and the interest and any other sums payable on or by reason of the Note or any instrument securing payment thereof."

[3] The Assignment of Rents and Leases specifically refers to Note 1 for $970,000, but also states it serves "[a]s security for repayment of . . . all renewals, amendments, substitutions, extensions and modifications thereof and performance of all obligations therein."

entire amount of the loans. In its original brief, Bank claimed that, as of July 21, 2010, $1,003,860.63 was owed on Note 1, and $34,000.26 was owed on Note 2, with interest continuing to accrue at a daily rate of $200.89 and $4.89 for the Notes, respectively. Defendants responded, with a supportive affidavit by Fred Allman, that "[u]pon information and belief, [Allman] believes the [Bank] has not provided an accounting of the amounts alleged and owing on Notes 1 and 2, and that the amounts alleged due and owing are not correct." Allman Aff. ¶ 8. Defendants appear to assert that the figures are incorrect based on their belief that the Bank had compounded interest on the Notes on a weekly basis. Allman Aff. ¶ 7. In its Reply Brief, Bank acknowledged an erroneous assessment of prepayment penalties and pay-off charges in the amount of $21,466.92. After reducing the amount owed on Note 1 by the erroneous charges, Bank claims the amount owed on Note 1 as of July 21, 2010 was $982,393.68. Defendants dispute this revised figure on the same basis they did the previous one.

According to Plaintiff Bank, SBA holds an interest in the Bartholomew County Real Property in the form of a March 7, 2003 mortgage and fixture filing on the property to secure a $585,000 loan. This instrument was recorded March 10, 2003 in the Bartholomew County Recorder's Office. SBA also has an interest in the Bartholomew County Real Property arising from an Assignment of Leases and Rents executed by F & VA, which was also recorded March 10, 2003. However, according to Plaintiff Bank, SBA subordinated its liens to Bank's in a Subordination Agreement dated March 1, 2007, which was recorded in the Bartholomew County Recorder's Office on March 16, 2007.

4

For purposes of this entry, we make no judgment regarding any independent claims of the SBA related to this interest.

Bank loaned money to F & VA II for which it executed a Promissory Note on February 6, 2004 in the principal amount of $407,000.00. This Note was refinanced numerous times over a five-year period, until the most recent refinance which occurred on July 5, 2009, for $161,792.85, with interest at 5.53% per annum, calculated on a 365/360 basis ("Note 3").

Also on February 6, 2004, F & VA II executed a Promissory Note payable to Bank for $970,875.00. This Note was refinanced multiple times as well, with the final refinance on July 6, 2009 for $797,006.79, with interest at 5.53% per annum, calculated on a 365/360 basis ("Note 4").

Note 2, Note 3, and Note 4 are secured by mortgages ("Jackson County Mortgages") on the following real property in Jackson County, Indiana: "Lot Two-A (2A) in Cimito Replat, as filed in Plat Record 7, Page 872 and re-recorded in Plat Record 7, page 929, in the Recorder's Office, Jackson County, Indiana." ("Jackson County Real Property"). The Jackson County Mortgages were recorded on February 13, 2004 and August 17, 2004 in the Office of the Recorder of Jackson County, Indiana ("Jackson County Recorder's Office").

Note 2, Note 3, and Note 4 are further secured by two Assignments of Leases and Rents on the Jackson County Real Property. These Assignments were recorded on February 13, 2004 and August 17, 2004, respectively. F & VA II also executed a

Commercial Security Agreement granting Bank a security interest in accounts and other rights to payment and equipment in order to secure "[a]ll present and future debts."

In addition, Note 2, Note 3, and Note 4 are secured by February 6, 2004 Guaranties executed by Fred and Virginia Allman, Jen-Fre, Jen-Fre II, and F & VA. Bank obtained Commercial Loan Guaranties dated December 31, 2008 from Fred Allman, Virginia Allman, Jen-Fre, and Jen-Fre II.

F & VA II failed to make monthly payments on Note 2, Note 3 and Note 4. Bank has exercised its right under these Notes to demand payment of the full amounts due and owing, claiming that $166,080.89 is due on Note 3 and $821,133.91 is due on Note 4, as of July 21, 2010, with interest accruing at a daily rate of $24.60 and $122.08, respectively.[4] Defendants dispute these amounts and again offer the affidavit of Fred Allman, which states "upon information and belief" that the amounts are incorrect and based upon interest compounded weekly. Allman Aff. ¶¶ 7-8.

There are additional parties also possessing an interest in the Jackson County Real Property. According to Plaintiff Bank, SBA's interest is in the form of a mortgage securing a loan of $720,000.00 and an Assignment of Leases and Rents. The SBA mortgage was recorded on October 25, 2004 and re-recorded on October 9, 2009, and the Assignment of Leases and Rents was also recorded on October 25, 2004. Both were filed in the Jackson County Recorder's Office. Jen-Fre II, as a tenant of the Jackson County Real Property, has a separate interest in the property. Additionally, the Jackson County

---

[4] See above for the amount owed and daily interest accrual for Note 2.

Treasurer has placed a tax lien on the Jackson County Real Property for unpaid real estate taxes. Bank acknowledges that the tax lien on the Jackson County Real Property has priority over its interests. Pl.'s Br. at 28. However, for purposes of this entry, we make no judgment regarding any independent claims of the SBA or the Jackson County Treasurer related to these interests.

## Legal Analysis

### I. Standard of Review

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. See id. at 255. However, neither the "mere existence of some alleged factual dispute between the parties," id. at 247, nor the existence of "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment. Michas v. Health Cost Controls of Ill., Inc., 209 F.3d 687, 692 (7th Cir. 2000).

"[A] party seeking summary judgment always bears the initial responsibility of

informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. "It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered." Sanders v. Village of Dixmoor, 178 F.3d 869, 870 (7th Cir. 1999) (quoting Liberles v. County of Cook, 709 F.2d 1122, 1126 (7th Cir. 1983)). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." Vukadinovich v. Bd. of Sch. Trs., 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

Summary judgment is not a substitute for a trial on the merits, nor is it a vehicle for resolving factual disputes. Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). Therefore, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact-finder could find for the party opposing the motion, summary judgment is inappropriate. See Shields Enterprises, Inc. v. First Chicago Corp., 975 F.2d 1290, 1294 (7th Cir. 1992); Wolf v. City of Fitchburg, 870 F.2d 1327, 1330 (7th Cir. 1989). But if it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish his or her case, summary judgment is not only appropriate, but mandated. See Celotex, 477 U.S. at 322; Ziliak v. AstraZeneca LP, 324 F.3d 518, 520 (7th Cir. 2003). Further, a failure to prove one essential element "necessarily renders all other facts immaterial." Celotex, 477 U.S. at

323.

**II.     Discussion**

F & VA, F &VA II, Jen-Fre, Jen-Fre II, Fred Allman, and Virginia Allman (collectively, "Allman Defendants") oppose Bank's motion for summary judgment on the grounds that there is a genuine issue of material fact with regards to the amount owed on all four notes.  First,

> **upon information and belief**, [Fred Allman] believes the Plaintiff has been compounding the interest on Notes 1, 2, 3, and 4 on a weekly basis. . . . Plaintiff has not provided an accounting of the amounts alleged due and owing on Notes 1 and 2, and that the amounts alleged due and owing are not correct. . . . [and] Plaintiff has not provided an accounting of the amounts alleged due and owing on Notes 2, 3, and 4, and that the amounts alleged due and owing are not correct.

Def. Fred Allman's Aff. ¶¶ 7-9 (emphasis added).  However, statements in affidavits made "upon information or belief" are "insufficient for the purposes of opposing a motion for summary judgment."  Price v. Rochford, 947 F.2d 829, 832 (7th Cir. 1991).  Thus, these statements in Mr. Allman's affidavit cannot support a denial of summary judgment.

The Allman Defendants also point to Plaintiff's admission of error in its initial calculation of the amount owed on Note 1 as evidence to substantiate their claimed dispute over the amount of damages owed.  However, "[a] genuine issue of disputed fact is not created simply because a party mistakenly asserts a fact in one pleading and later amends the pleading to correct the mistake."  Health Care and Retirement Corp. of America v. Heartland Home Care, Inc., No. Civ.A. 03-2663-KHV, Civ.A. 04-4126-KHV, 2006 WL 625966, at *2 (D. Kan. Feb. 15, 2006).  Thus, on this issue, there is no genuine

9

issue of material fact.[5]

The Allman Defendants do not dispute that they failed to make the required payments on Note 1, Note 2, Note 3, and Note 4, or that their failure constitutes a default on these debts. Furthermore, they have not established a genuine issue of material fact with regard to the manner in which Bank has calculated the amounts owed as triggered by the default. Thus, Plaintiff is entitled to recover the amounts calculated by the Bank.[6]

**Conclusion**

Having found no genuine issues of material fact underlying Plaintiff's foreclosure claim, we hereby GRANT Plaintiff's Motion for Summary Judgment against Defendants, F & VA, LLC ("F & VA"), F & VA II, LLC ("F & VA II"), Jen-Fre Restaurants Corporation ("Jen-Fre"), Jen-Fre Restaurants II Corporation ("Jen-Fre II"), Fred L. Allman, Virginia L. Allman.

IT IS SO ORDERED.

---

[5] The Allman Defendants, alternatively, have requested an evidentiary hearing on the issue of damages. However, "[a]n evidentiary hearing is appropriate only if there is a disputed issue of material fact." Hestand v. Clark, 948 F.2d 1292, 1292 (7th Cir. 1991). Because we have determined there is no genuine issue of material fact in this case, an evidentiary hearing is unnecessary.

[6] As of October 4, 2010, three days before Bank filed their Reply brief, the total amounts due and owing were $998,110.84, $34,996.98, $168,925.65, and $830,840.26 on Notes 1, 2, 3, and 4 respectively. Given that the amounts due and owing have increased daily since then and will likely continue to grow until payment is made, we decline to provide a precise figure of the amounts owed by Defendants as of the date of this entry and leave that to a calculation by the Plaintiff accurate as of the effective date of repayment by Defendants.

Dated: 03/31/2011        

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Susan D. Bevers
LORENZO LAW OFFICE
s_darlage@yahoo.com

William M. Braman
MONTGOMERY ELSNER & PARDIECK LLP
wbraman@meplegal.com

David Ralph Krebs
HOSTETLER & KOWALIK PC
drk@hostetler-kowalik.com

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov

Chad Alan Robertson
MONTGOMERY ELSNER & PARDIECK LLP
crobertson@meplegal.com

Margaret A. Schutte
UNITED STATES ATTORNEY'S OFFICE
margaret.schutte@usdoj.gov